IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| DAVID P. GORDON,<br><br>          Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social<br>Security Administration,<br><br>          Defendant. | Case No. 1:06-CV-52 SA<br><br><br><br>**MEMORANDUM DECISION AND ORDER** |

Before the court is an action filed by Plaintiff, David P. Gordon, asking the court to reverse the final agency decision denying Plaintiff's applications for Disability Insurance Benefits (hereafter "DIB") and for Supplemental Security Income (hereafter "SSI") under Titles II and XVI of the Social Security Act.  *See* 42 U.S.C. §§ 401-434, 1381-1383c.  The Administrative Law Judge (hereafter "ALJ") found that Plaintiff was not disabled because Plaintiff was capable of performing substantial work that existed in the national economy.

---

[1] On February 1, 2007, Michael J. Astrue became the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.  No further action need be taken to continue this suit.  *See* 42 U.S.C. § 405(g).

Plaintiff now challenges the ALJ's decision by arguing that it is not supported by substantial evidence and it is legally erroneous.  Specifically, Plaintiff argues:  (1) the finding at step three that Plaintiff's impairments did not satisfy the requirements of Listing 12.04 is not supported by substantial evidence; (2) the finding at step five that Plaintiff could engage in substantial work is not supported by substantial evidence; and (3) the ALJ erred in his assessment of Plaintiff's credibility.

The court has carefully considered the parties' memoranda and the complete record in this matter and concludes that oral arguments would not materially assist it in the determination of this case.  Based on the analysis set forth below, the court recommends that Plaintiff's request that the court reverse and remand the ALJ's decision be granted.

**BACKGROUND**

Plaintiff protectively applied for DIB and SSI on November 17, 2003 (Tr. 78-80, 302-05), alleging an inability to work since October 1, 2001 (Tr. 78, 302).  At the administrative hearing, Plaintiff clarified that his alleged onset date of disability is November 17, 2003.  (Tr. 344.)  Plaintiff alleged that he was disabled due to depression, rotator cuff problems, hepatitis C, and arthritis of the hands, shoulder, and back.  (Tr. 87, 94, 102.)  Plaintiff's applications were denied in both initial and reconsideration determinations.  (Tr. 54-56, 60-67.)  Plaintiff

then filed a request for a hearing before an Administrative Law Judge (hereafter "ALJ"). (Tr. 59.) Plaintiff, a vocational expert (hereafter "VE"), and two medical experts (hereafter "ME") testified at the April 5, 2005 hearing before the ALJ. (Tr. 341-81.) On August 6, 2005, the ALJ issued his decision denying Plaintiff's application. (Tr. 14-30.) Plaintiff requested review of the ALJ's decision on October 3, 2005. (Tr. 13.) On February 23, 2006, Plaintiff submitted to the Appeals Council new evidence, in the form of a psychological evaluation of Plaintiff by Dr. Ron Houston, Ph.D., along with a letter arguing that Plaintiff's case should be remanded. (Tr. 310-34.) On March 8, 2006, without discussing Dr. Houston's report, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 4-7), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981, 416.1481.

On April 27, 2006, after receiving the Appeals Council's denial of his request for review, Plaintiff filed his complaint and the case was assigned to United States District Judge Ted Stewart. (File Entry #3.) The Commissioner filed his answer and the administrative record on June 21, 2006. (File Entries #5, 6.) Plaintiff filed his motion to reverse or modify the administrative decision, along with his supporting brief, on August 14, 2006. (File Entries #9, 10.) The Commissioner filed

his brief on September 15, 2006 (File Entry #11), and Plaintiff filed a reply brief on September 29, 2006 (File Entry #12).

Because the parties consented to the magistrate judge conducting all proceedings in this case, including entry of the final judgment, on July 31, 2007, Judge Stewart referred the case to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(c).  (File Entry #13.)

## STANDARD OF REVIEW

The court reviews the Commissioner's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *accord Pisciotta v. Astrue*, 218 Fed. Appx. 765, 766 (10th Cir. 2007).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Besides the lack of substantial evidence, reversal may be appropriate where the Commissioner uses the wrong legal standards or the Commissioner fails to demonstrate reliance on the correct legal standards.  *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994); *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993); *Andrade v. Secretary of Health and Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993).

## ANALYSIS

Plaintiff argues the ALJ's decision is not supported by substantial evidence and is legally erroneous.  Specifically,

4

Plaintiff argues:  (1) the finding at step three that Plaintiff's impairments did not satisfy the requirements of Listing 12.04 is not supported by substantial evidence; (2) the finding at step five that Plaintiff could engage in substantial work is not supported by substantial evidence; and (3) the ALJ erred in his assessment of Plaintiff's credibility.  The court addresses each of these three arguments in turn.

### A.  Listing 12.04

First, Plaintiff challenges the ALJ's decision that Plaintiff's impairments did not satisfy the criteria of Listing 12.04.  Plaintiff argues the decision is not supported by substantial evidence.

Listing 12.04 describes affective disorders characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome.  *See* 20 C.F.R. Appendix 1, Subpt. P, Listing 12.04.  To meet the requirements of Listing 12.04, Plaintiff must show that her impairments meet the listing's "A" and "B" criteria, or the "C" criteria.  Dr. Kristy Farnsworth, the ME who testified at the hearing, testified that Plaintiff met the "A" criteria for Listing 12.04, but that he did not meet the "B" criteria, which establish the severity of an impairment.  (Tr. 367-68.)  The following are the "B" criteria of Listing 12.04:

> 12.04  *Affective Disorders:* . . .
>     B.  Resulting in at least two of the
> following:
>     1.  Marked restriction of activities of
> daily living; or

```
            2.  Marked difficulties in maintaining
       social functioning; or
            3.  Marked difficulties in maintaining
       concentration, persistence, or pace; or
            4.  Repeated episodes of decompensation,
       each of extended duration;
```

20 C.F.R. Appendix 1, Pt. 404, Subpt. P, App. 1, Listing 12.04.

Without examining the "A" criteria of Listing 12.04, the ALJ addressed only the "B" and "C" criteria of the listing.  The ALJ found that Plaintiff's degree of limitation in activities of daily living was mild, that Plaintiff's degree of limitation in maintaining social functioning was moderate, that Plaintiff's degree of limitation in the area of concentration, persistence and pace was mild, and that Plaintiff had never exhibited repeated episodes of decompensation.  (Tr. 19.)  In addition, the ALJ found that the written evidence and Plaintiff's credible testimony did not support a finding that the "C" criteria of Listing 12.04 were met.  (Tr. 20.)

As mentioned above, on February 23, 2006, after the ALJ had issued his August 6, 2005 decision, Plaintiff submitted Dr. Houston's psychological evaluation of Plaintiff to the Appeals Council.  (Tr. 29, 310-34.)  On March 8, 2006, without discussing Dr. Houston's evaluation, the Appeals Council declined further review of Plaintiff's case.  (Tr. 4.)

Plaintiff now bases much of his argument, that he meets the requirements of Listing 12.04, on Dr. Houston's report, which the ALJ never saw.  In his report, Dr. Houston found that Plaintiff

had marked impairments in the following two of the "B" criteria of Listing 12.04:  social functioning and persistence.  (Tr. 333-34.)  Thus, if the Commissioner accepted the findings of Dr. Houston's report, Plaintiff would meet the requirements of the "B" criteria of Listing 12.04.  Because it appears the ALJ may have accepted Dr. Farnsworth's opinion, that Plaintiff met the "A" but not the "B" criteria, if the Commissioner accepted Dr. Houston's opinion, Plaintiff would be found to have met the requirements of Listing 12.04, and therefore would be found to be disabled.

Evidence submitted to the Appeals Council is considered only to the extent that it is new, material, and relevant to the pertinent time period.  *See* 20 C.F.R. §§ 404.970(b), 416.1470(b); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994).  If evidence is submitted to the Appeals Council "which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to [the claimant] with an explanation as to why it did not accept the additional evidence."  20 C.F.R. §§ 404.976(b), 416.1476(b).  "[N]ew evidence [submitted to the Appeals Council] becomes part of the administrative record to be considered when evaluating the [Commissioner's] decision for substantial evidence."  *O'Dell*, 44 F.3d at 859.

In this case, the Appeals Council determined that the new evidence, Dr. Houston's report, did not provide a basis for

changing the ALJ's decision.  However, the Appeals Council did not provide any specific reasons for this finding.  (Tr. 4-5.) Nevertheless, because the Appeals Council did not return Dr. Houston's report to Plaintiff, *see* 20 C.F.R. §§ 404.976(b), 416.1476(b), it must have at least concluded that the report related to the period on or before the ALJ made his decision. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207 (10th Cir. 2006) (concluding that Appeals Council's statement that new evidence submitted to it was being made part of record was "an implicit determination Plaintiff had submitted qualifying new evidence for consideration"); *Hodgson v. Apfel*, 172 F.3d 62, 1999 WL 46689, **3 (10th Cir. 1999) (unpublished).[2]

The court is cognizant that the Appeals Council is not required to discuss its reasoning regarding why it denied Plaintiff's request for review.  *See Martinez*, 444 F.3d at 1207-08.  However, in this case, the Appeals Council's failure to provide any specific explanation of its evaluation of Dr. Houston's opinion and report is troubling because it appears that significant weight should have been given to Dr. Houston's opinion.

---

[2]In *Hodgson*, the psychiatrist examined the Plaintiff in September 1996, after the ALJ issued his March 27, 1996 decision. *Hodgson*, 1999 WL 46689, at **2.  Thus, in *Hodgson*, as in this case, the psychiatrist's examination of the plaintiff occurred after the ALJ issued his decision.

The regulations provide an ALJ with guidance as to which specialist's opinion should be given greatest weight.  The greatest weight, which is controlling weight, generally is given to treating physicians' opinions.  *See* 20 C.F.R. § 416.927(d)(2).  Plaintiff does not contest the Commissioner's argument that Dr. Houston was not a treating physician because Plaintiff was examined by Dr. Houston solely to receive a disability opinion and not to be treated.  *See Doyal*, 331 F.3d at 764.  However, in addition to the treating physician rule, more weight generally is given to the opinion of someone who has examined the claimant than to someone who has not examined the claimant.  *See* 20 C.F.R. § 416.927(d)(1).

Other factors are also relevant in evaluating an opinion:

> (3) *Supportability*.  The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.  The better an explanation a source provides for an opinion, the more weight we will give that opinion. Furthermore, because nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions.  We will evaluate the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and other examining sources.
> (4) *Consistency*.  Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.
> (5) *Specialization*.  We generally give more weight to the opinion of a specialist about

> medical issues related to his or her area of
> specialty than to the opinion of a source who
> is not a specialist.
> (6) *Other factors*.  When we consider how much
> weight to give to a medical opinion, we will
> also consider any factors you or others bring
> to our attention, or of which we are aware,
> which tend to support or contradict the
> opinion.  For example, the amount of
> understanding of our disability programs and
> their evidentiary requirements that an
> acceptable medical source has, regardless of
> the source of that understanding, and the
> extent to which an acceptable medical source
> is familiar with the other information in
> your case record are relevant factors that we
> will consider in deciding the weight to give
> to a medical opinion.

*See* 20 C.F.R. § 927(d)(3)-(6).

Turning to the instant case and applying these factors to Dr. Houston's opinion, the court agrees with Plaintiff's argument that, although Dr. Houston's opinion does not deserve the weight given to a treating physician's opinion, under the regulations, it should be given significant weight.  First, Dr. Houston was an examining doctor.  Dr. Houston examined and tested Plaintiff on three dates from November 2005 through January 2006.  (Tr. 312-34.)  Other opinions that the ALJ appears to have relied upon, such as those of John Hardy, Ph.D., and Kristy Farnsworth, Ph.D. (Tr. 179-95, 287-301) were made by non-examining doctors.  Thus, under the regulations, their opinions generally were not entitled to the same weight as that given to Dr. Houston's opinion.

Second, Dr. Houston's opinion is supported by his examination of Plaintiff and by the results of tests administered

to Plaintiff.  In addition, Dr. Houston provided a detailed explanation of his opinion.  (Tr. 312-334.)

Third, Dr. Houston's opinion is consistent with other parts of the record.  For example, Dr. Houston's report contains similar test results to those contained in Dr. Hilton's report. (Tr. 130.)  Both Dr. Houston and Dr. Hilton found significant discrepancies between Plaintiff's Verbal IQ and Performance IQ. (Tr. 132, 322-25.)  Both doctors opined that Plaintiff had significant problems in terms of social functioning.  (Tr. 137, 332, 333.)  Even Dr. Farnsworth and John Hardy, Ph.D., who both simply reviewed Plaintiff's records at the Commissioner's request but did not examine Plaintiff, concluded the Plaintiff has difficulty with social functioning.  (Tr. 189, 297.)  In addition, Dr. Hardy, like Dr. Houston, opined that Plaintiff had limitations with persistence.  (Tr. 193-94, 333-34.)

Fourth, Dr. Houston is a specialist in psychology.  Dr. Thobe, on the other hand, who opined that Plaintiff had clear thought processes, a normal memory, and good concentration, is a neurologist, not a psychologist, and thus does not have the benefit of Dr. Houston's specialized training.  (Tr. 176.) Further, the therapist Mr. Khalsa, who saw Plaintiff on a limited basis during a five-month treatment period at Weber Human

Services, also did not have the benefit of Dr. Houston's training.[3]  (Tr. 230-67.)

Fifth, Dr. Houston has been retained on a regular basis in the past by the Office of Hearings and Appeals to provide independent medical expert testimony.  (Tr. 312.)  Therefore, he is familiar with the disability programs.  Thus, because Dr. Houston meets so many factors under the regulations for determining what weight should be given to an opinion, it appears that Dr. Houston's opinion in entitled to significant weight.

The Commissioner argues against the persuasiveness of Dr. Houston's report by suggesting that Plaintiff amplified his complaints when he was evaluated by Dr. Houston.  However, the court is persuaded by Plaintiff's argument that previous examinations of Plaintiff had not as carefully analyzed and explored his symptoms; thus, it is unclear whether Plaintiff's inclusion of different symptoms in his descriptions to Dr. Houston were from amplification of his complaints or from a more thorough examination by Dr. Houston.  In addition, Plaintiff's argument is persuasive that Dr. Houston's opinion should not be

───────────────

[3]In addition, it appears that Mr. Khalsa was involved with Plaintiff primarily to help Plaintiff cope with his depression rather than to elicit a full array of symptoms.  Further, under the Commissioner's own regulations, Mr. Khalsa probably would not be regarded as an acceptable medical source because he is not a licensed or certified psychologist.  *See* 20 C.F.R. § 416.913. Even if Mr. Khalsa were an acceptable medical source, his observations would probably not be given the weight of those of a trained psychologist who also has psychological test results available.

handily rejected for the reasons stated by the Commissioner.  Dr.
Houston has worked for the Commissioner in the past, revealing
that on those occasions the Commissioner was happy to rely on Dr.
Houston's opinion.  Further, Dr. Houston was aware that Plaintiff
appeared to have done some self-study regarding his own
sociopathic personality.  (Tr. 322.)  Thus, Dr. Houston watched
for exaggerated reports by Plaintiff.  (Tr. 333.)  In addition,
the tests administered by Dr. Houston were designed to reveal
patients who are malingering or pretending to have certain
symptoms.  (Tr. 333.)  As a result, the court is not persuaded by
the Commissioner's arguments as to why Dr. Houston's report
should not be given significant weight under the regulations.

The key to the listing analysis in this case is the
determination of how much weight should be given to Dr. Houston's
opinion and report, because his opinion provides the basis of
finding Plaintiff meets Listing 12.04 and is therefore disabled.
However, it is not the court's role to evaluate the evidence
other than to the extent required to determine whether the
Commissioner's decision is supported by substantial evidence and
whether the Commissioner's decision was legally erroneous.  *See*
*Lax*, 489 F.3d at 1084.  Even though it appears that Dr. Houston's
report is entitled to significant weight under the regulations,
the Appeals Council gave no explanation for not adopting Dr.
Houston's opinion.  As a result, it is impossible for the court
to determine whether the Commissioner's determination applied the

correct legal principles and whether the decision is supported by
substantial evidence without engaging in sheer speculation to
supply the missing analysis.  Further, because Dr. Houston's
report is thorough, well-supported, made by a specialist familiar
with the disability system, and is consistent with other parts of
the record, the court cannot say that the Commissioner's
decision, in light of Dr. Houston's opinion, is supported by
substantial evidence because the court simply cannot tell why Dr.
Houston's report was not adopted.  Because, under the regulations
it appears that Dr. Houston's opinion should have been given
greater weight than those opinions upon which the ALJ appears to
have relied, the court concludes that this case must be remanded
for the Commissioner to reevaluate Plaintiff's petition in light
of Dr. Houston's opinion and report.

## B.  Step Five Finding

Second, Plaintiff argues that the ALJ's decision at step
five that Plaintiff could perform the jobs of cashier and cleaner
are not supported by substantial evidence.  As with Plaintiff's
first argument, Plaintiff's step five argument relies on Dr.
Houston's report and opinion.  For the reasons set forth above,
the court is remanding the case for the Commissioner to
reevaluate Plaintiff's petition in light of Dr. Houston's opinion
and report.  That reevaluation would include a reevaluation of
the ALJ's step five finding in light of Dr. Houston's report.

14

### C.  Credibility Assessment

Third, Plaintiff challenges the ALJ's credibility finding.
"Credibility determinations are peculiarly the province of the
finder of fact, and we will not upset such determinations when
supported by substantial evidence." *Kepler v. Chater*, 68 F.3d
387, 391 (10th Cir. 1995) (quotation omitted).  While the ALJ must
cite specific evidence relevant to the factors used in evaluating
a claimant's subjective complaints, and explain why if he
concludes those complaints are not credible, *see id.*, this
process "does not require a formalistic factor-by-factor
recitation of the evidence," *Qualls v. Apfel*, 206 F.3d 1368, 1372
(10th Cir. 2000).  "So long as the ALJ sets forth the specific
evidence he relies on in evaluating the claimant's credibility,
[the procedural requisites] are satisfied." *Id.*

In this case, the ALJ made the following credibility finding
regarding Plaintiff:

> As to the credibility of the claimant, the
> undersigned finds him to be "partially"
> credible in that his alleged sobriety from
> substance abuse is reflected in the record,
> as is his alleged inability to perform heavy
> work.  Much of the claimant's testimony was
> credible as to his problems with trust
> issues, paranoia, issues of anger and
> conflicts with people, depressive symptoms
> and concentration difficulties when going
> through depression.  The only problem that
> cannot be agreed upon is the claimant['s]
> alleged inability to work.  The undersigned
> has given consideration to all of his alleged
> symptoms and the medical findings after
> conservative measure[s] have been tried.
> However, in light of his problems, it has

15

been shown that his impairments are amendable
and treatable to conservative measures and
would not prevent him from performing light
job duties as long as it is set in an
environment with minimal contact with the
general public and supervisors and does not
entail high stress or detailed work.

. . .

The undersigned finds that the claimant's
statements concerning his impairments and his
ability to work are not entirely credible in
light of the claimant's own description of
his activities and life style, the degree of
medical treatment required, and the reports
of the treating and examining practitioners.

(Tr. 25, 26.)

Plaintiff argues that the ALJ's statement regarding
Plaintiff's lack of credibility as to Plaintiff's ability to work
is not actually a finding supported by reference to the record,
but is an unsupported legal conclusion.  The court agrees that
the ALJ's credibility finding on page 25 of the record appears to
be more of an unsupported legal conclusion than a supported
finding; however, in light of the further explanation on page 26
of the record, the court must reject Plaintiff's argument.  On
page 26, the ALJ explains that Plaintiff's statements concerning
his inability to work and impairments are not entirely credible
based on Plaintiff's own description of his activities and life
style, the degree of medical treatment required, and the reports
of the treating and examining practitioners.  These three
specific reasons are legitimate reasons upon which to base a
credibility finding.

However, given the court's decision regarding Dr. Houston's report, the court cannot say that these reasons are supported by substantial evidence.  As set forth above, on remand the Commissioner must reevaluate Plaintiff's petition in light of Dr. Houston's opinion and report.  Because the ALJ partially based his credibility finding on the reports of "examining practitioners," and because Dr. Houston was an examining practitioner, this reevaluation must include a reevaluation of the ALJ's credibility finding in light of Dr. Houston's report.

### ORDER

Based on the above analysis, the court concludes that this case must be remanded for the Commissioner to reevaluate Plaintiff's petition in light of Dr. Houston's opinion and report.  As a result, **IT IS HEREBY ORDERED** that Plaintiff's request to remand the Commissioner's decision is **GRANTED.**

DATED this 26th day of September, 2007.

BY THE COURT:

_____
Samuel Alba
United States Chief Magistrate Judge

17